Wilder v. Ewbank.

## WILDER *vs.* EWBANK.

After *distraining* for rent in arrear, though the distress be insufficient to satisfy the rent, the landlord is not at liberty to institute proceedings for the removal of the tenant from the demised premises under the statute *authorizing summary proceedings* to recover the possession of land.

LANDLORD and tenant. *Certiorari* to one of the assistant justices of the city of New York, to remove proceedings before him to recover the possession of land *for the non-payment of rent*, there being no sufficient distress, pursuant to 2 R. S. 511, art. 1. Ewbank demised certain premises in the city of New York to Wilder, for one year from the first day of May, 1838, at the annual rent of $700 payable quarterly. For the quarter's rent due on the first day of February, 1839, the landlord distrained on the day following. The distress produced only $45, leaving $130 of the rent unsatisfied, and there being no other goods, the landlord, on the 6th March following, instituted these proceedings to obtain possession of the demised premises. On the part of the tenant it was insisted that by distraining for the rent, although only a part of it was collected, the landlord had precluded himself from proceeding under this statute. The justice was of a different opinion and issued a warrant, by virtue of which the tenant was put out, and the possession delivered to the landlord. The tenant prosecuted this certiorari to review the decision.

*J. J. Hill*, for the tenant.

*J. Holmes*, for the landlord.

*By the Court*, BRONSON, J. This case falls within the principle of *Jackson* v. *Sheldon*, 5 Cowen, 448. I had prepared an opinion assigning the reasons why I think that case ought not to be followed. But my brethren are of opinion that we ought not to depart from the former case, and that the decision of the justice was consequently erroneous.

Proceedings reversed.